STATE of Iowa, Appellee,

v.

1984 MONTE CARLO SS, 1983 Toyota 4X4 Pickup, 1992 Harley Davidson Motorcycle, 1971 or 1972 Chevelle Stock Car, Defendants,

Larry Randy Stephenson, Opal Stephenson, and Edward Dale Miles, Appellants.

No. 92–1993.

Supreme Court of Iowa.

Sept. 21, 1994.

Andrew J. Dunn and Maggi Moss of Parrish, Kruidenier, Moss & Dunn, Des Moines, for appellants.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., John P. Sarcone, Co. Atty., and Jamie Bowers, Asst. Co. Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

This appeal involves four motor vehicles forfeited as the result of a drug offense by Randy Stephenson. We affirm in part and reverse in part.

Stephenson was arrested for selling cocaine to an informant, and officers seized four motor vehicles found at his residence. The district court entered orders forfeiting all four motor vehicles. Stephenson and other family members have appealed, claiming various ownership interests in the vehicles.

The four motor vehicles included a 1984 Monte Carlo SS, a stock car, a Harley Davidson motorcycle, and a Toyota pickup.

Iowa Code section 809.1(2) (1991) provides:

*"Forfeitable property"* means any of the following:

. . . .

*b.* Property which has been used or is intended to be used to facilitate the commission of a criminal offense or to avoid detection or apprehension of a person committing a criminal offense.

*c.* Property which is acquired as or from the proceeds of a criminal offense.

Stephenson claims that the Toyota pickup truck and the Harley Davidson motorcycle were neither used in his drug dealing nor purchased with drug proceeds. Stephenson's mother claims ownership of the Monte Carlo, and his brother-in-law claims ownership of the stock car. The district court rejected all of these claims.

Iowa Code section 809.14(1) provides in part:

Property shall not be forfeited under this chapter to the extent of the interest of an owner, other than a joint tenant, who had no part in the commission of the crime and who had no knowledge of the criminal use or intended use of the property.

■ In forfeiture cases, we review the district court ruling for corrections of errors at law. The State has the burden of proving the grounds for forfeiture by a preponderance of the evidence. Iowa Code § 809.11(1).

■ Our review in these cases is deferential. *In re Property of Rush,* 448 N.W.2d 472, 477 (Iowa 1989).

[This court will] view the evidence in the light most favorable to sustaining the district court judgment. The trial court's findings are construed liberally in order to support its result. A finding is supported by substantial evidence if it may be reasonably inferred from the evidence. If supported by substantial evidence and justified under the law, the findings are binding on us and the judgment will not be disturbed on appeal. . . .

The possibility of drawing inconsistent conclusions from the same body of evidence does not prevent a finding from being supported by substantial evidence.

*Id.* (quoting *C. Mac Chambers Co. v. Iowa Tae Kwon Do Academy, Inc.,* 412 N.W.2d 593, 596 (Iowa 1987) (citations omitted)). An order of forfeiture will not be reversed unless the evidence is utterly wanting to support the conclusion of the trial court. *Id.*

*Monte Carlo.*

It is undisputed that Stephenson used this 1984 Monte Carlo SS in the commission of the drug offenses. His mother claims, however, that she is the actual owner of the car and that she had no knowledge or grounds for knowledge of its intended use.

■ The court found that, despite the fact that the mother was the title holder, the car was forfeitable under Iowa Code section 809.-14(1), which provides in part that

if it is established by a preponderance of the evidence that the owner permitted the use of the property under circumstances in which the owner knew or should have known that the property was being used for a criminal purpose, there is a rebuttable presumption that the owner knew that the property was intended to be used in the commission of a crime.

Substantial evidence showed that Stephenson's mother knew or should have known of the intended use of the car, based primarily on her knowledge of Stephenson's drug dealings and his exclusive use of the car. *See In re Property of Scott*, 508 N.W.2d 653, 656–57 (Iowa 1993) (inference of knowledge based on common experiences).

*Stock Car.*

 Stephenson's brother-in-law, Edward Miles, claims he is the owner of the stock car. Stephenson, however, admitted to police that he had purchased two stock cars with drug proceeds. Two stock cars, including this one, were found at his residence.

Miles testified that he bought the stock car for $600, but the trial court found his testimony not credible. Stephenson admitted paying approximately $500 for a roll bar, $300 for equipment inside the car, and $1000 for two engines. His investment was approximately three times what Miles allegedly paid for the car.

Both racing cars, including the one at issue, were numbered "69R." Stephenson refused to tell the court what the "R" represented. In addition, the stock car was located at Stephenson's house, not Miles'. Miles claimed that this was because he did not have a garage. But neither did Stephenson.

The district court concluded that this was a vehicle purchased with drug proceeds, and substantial evidence supports that finding.

*Harley Davidson.*

Stephenson admits owning the Harley Davidson motorcycle, but he claims it is not forfeitable property under Iowa Code section 809.1(2) because it was not used in the drug transaction and had not been purchased with drug proceeds.

The court concluded that a $3000 cash down payment about the time of Stephenson's drug-dealing activities was from drug proceeds, and substantial evidence supports that finding as well.

*Toyota Pickup.*

Stephenson's mother cosigned a bank loan with Stephenson in 1988 for the purchase of this pickup. In December of that year, Stephenson transferred it to his mother, and she paid all of the insurance and loan payments on it since that time. There was no evidence that this vehicle was used in drug transactions or that it was purchased with drug proceeds.

The record does not contain substantial evidence to support a finding that the Toyota pickup was forfeitable. We therefore reverse as to it.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**